(103 N. W. 422.)

---

MATILDA BECKER V. SIDNEY C. LOUGH, THE STATE BANK OF NORTHWOOD, NORTH DAKOTA, THE FARMERS & MERCHANTS SAVINGS BANK OF MINNEAPOLIS, A CORPORATION, THE SCANDINAVIAN-AMERICAN BANK OF ST. PAUL, A CORPORATION, AND SAMUEL LOE, AS RECEIVER OF THE STATE BANK OF NORTHWOOD, A CORPORATION.

Opinion filed February 4, 1905.

**Mortgage — Foreclosure — Right to Redeem — Evidence.**

> Evidence examined, and *held* not to sustain plaintiff's contention that the defendant, who purchased the certificate of sale under foreclosure of a real estate mortgage, agreed, before the year for redemption had expired, to permit her to redeem from such sale at any time.

Appeal from District Court, Grand Forks county; *Fisk,* J.

Action by Matilda Becker against Sydney C. Lough and others.

From the judgment plaintiff and defendant George E. Becker appeal.

Affirmed.

*Charles F. Templeton,* for appellants.

An agreement to extend time for redemption, if made before the statutory time expires, is valid and enforceable, although based on no new consideration. Prondzinski v. Garbutt, 8 N. D. 191, 77 N. W. 1012; Butt v. Butt, 91 Ind. 305; Rector v. Shirk, 92 Ind. 31; Morrow v. Jones, 60 N. W. 369; Fisk v. Stewart, 24 Minn. 97; Steele v. Bond, 28 Minn. 267; Tice v. Russell, 44 N. W. 886;

Schroeder v. Young, 161 U. S. 334, 16 Sup. Ct. Rep. 512, 40 L. Ed. 721; Union Mutual Life Ins. Co. v. White, 106 Ill. 67; Nicolas v. Otto, 132 Ill. 91, 23 N. E. 411; Spencer v. Frendendall, 15 Wis. 666; Dodge v. Brewer, 31 Mich. 227.

Where a party agrees to hold a certificate of sale on foreclosure as security, no title passes to him under sheriff's deed. Yankton Building & Loan Ass'n. v. Dowling, 74 N. W. 436. Smith v. Smith, 21 Pac. 4; Adair v. Adair, 29 Pac. 193; Macauley v. Smith, 132 N. Y. 524, 30 N. E. 997; Brinkman v. Jones, 44 Wis. 498; First National Bank v. Ashmead, 2 So. 657; Dodge v. Brewer, 31 Mich. 227.

The Scandinavian-American Bank acquired no rights under the deed executed by Lough superior to plaintiff's rights, as the latter was in open, visible and notorious possession when deed to the bank was executed. O'Toole v. Omlie, 8 N. D. 444, 79 N. W. 849; Dickson v. Dows, 11 N. D. 407, 92 N. W. 798; Simmons Creek Coal Co. v. Doran, 142 U. S. 417, 35 L. Ed. 1063, 12 Sup. Ct. Rep. 239; Hodge's Executors v. Amerman, 2 Atl. 257; Springfield Homestead Association v. Roll, 137 Ill. 205, 27 N. E. 184, 31 Am. St. Rep. 358.

The rule stated in section 4703, Rev. Codes 1899, which includes constructive as well as actual notice, is controlling in this case. Exon v. Dancke, 32 Pac. 1045; Petrain v. Kiernan, 32 Pac. 158; Murphy v. Plankinton Bank, 83 N. W. 575; New v. Wheaton, 24 Minn. 406; Groff v. State Bank of Mnineapolis, 52 N. W. 651; Maupin v. Emmons, 47 Mo. 304; Brinkham v. Jones, 44 Wis. 498; Security Loan & Trust Co. v. Willamette Steam Mills Lbr. & Mfg. Co., 34 Pac. 321.

Where land is occupied by husband and wife, and the recorded title is in one, the possession will be referred to that title. Kirby v. Tallmadge, 160 U. S. 379, 40 L. Ed. 463, 16 Sup. Ct. Rep. 349; Iowa Loan & Trust Co. v. King, 12 N. W. 595; Hatch v. Munden, 94 N. W. 332; Leopold v. Krause, 95 Ill. 440; Gruhn v. Richardson, 128 Ill. 178; Olson v. O'Connor, 9 N. D. 504, 84 N. W. 359, 81 Am. St. Rep. 595.

The deed to the Scandinavian-American Bank being given to secure a pre-existing debt, the bank cannot claim protection as a bona fide purchaser for value. DeLancey v. Stearns, 66 N. Y. 157; Howells v. Hettrick, 160 N. Y. 308, 54 N. E. 677; Commercial National Bank v. Pirie, 82 Fed. 799; Schloss v. Feltus, 61 N. W.

797; Lillibridge v. Allen, 69 N. W. 1031; Pride v. Whitfield, 51 S. W. 1100; March v. Ramsey, 35 S. E. 433; Morse v. Godfrey, 3 Story, 389.

The mortgage from Lough to the Farmers & Merchants Savings Bank is void, as the plaintiff was in possession when it was given and is chargeable with notice of her equities. Seymour v. McKinstry, 106 N. Y. 230; Farmers & Traders Bank v. Kimball Milling Co., 47 N. W. 402; Prickett v. Muck, 42 N. W. 256; Nickerson v. Wells-Stone Mercantile Co., 74 N. W. 891; Lawton v. Gordon, 34 Cal. 36; Everdson v. Mayhew, 65 Cal. 163, 3 Pac. 641; County Bank of San Louis Obispo v. Fox, 51 Pac. 11; Richards v Snyder, 6 Pac. 186; Hyland v. Hyland, 23 Pac. 811; Lewis v. Lindley, 48 Pac. 765; Pride v. Whitfield, 50 S. W. 1100; Whitaker Iron Co. v. Preston Nat'l Bank, 59 N. W. 395; Schaible v. Ardner, 56 N. W. 1105; Letson v. Reed, 45 Mich. 27, 7 N. W. 231; Wallace v. Wilson, 30 Mo. 335; Ledbetter v. Walker, 31 Ala. 177; Nickerson v. Meacham, 14 Fed. 881; Lakin v. Sierra Buttes Gold Mining Co., 25 Fed. 337; Newman v. Schwerin, 109 Fed. 942; Boone v. Chiles, 10 Peters, 177, 9 L. Ed. 388; Smith v. Orton, 18 Law Ed. 62.

Either spouse may redeem from foreclosure sale. Armitage v. Davenport, 64 Mich. 412, 31 N. W. 408; Phelan v. Fitzpatrick, 54 N. W. 614; Rev. Codes, section 5854, sub. 1.

*Alf. E. Boyesen* and *H. N. Morphy,* for respondent, the Scandinavian-American Bank.

Mere breach of an oral agreement to extend period of redemption is not sufficient in itself to entitle plaintiff to equitable relief, she must in addition show facts and circumstances amounting to an estoppel in pais. Schroeder v. Young, 161 U. S. 334, 16 Sup. Ct. Rep. 512; Prondzinski v. Garbutt, 8 N. D. 191, 77 N. W. 1012; Tice v. Russell, 43 Minn. 67, 44 N. W. 886; Rector v. Shirk, 92 Ind. 31.

If the agreement to allow a redemption was made after the period of redemption had passed, it must, in order to be valid, be supported by a new consideration. Davis v. Dresback, 81 Ill. 303; Smalley v. Hickok, 12 Vt. 153; Fisher v. Shaw, 42 Me. 32; Chase v. McLellan, 49 Me. 375; Stetson v. Everett, 59 Me. 376; Brown v. Lawton, 87 Me. 83.

The Scandinavian-American Bank acquired the Becker notes before maturity, for value, without notice of plaintiff's claim, and became vested with the interest of the State Bank of Northwood in

the property free of all equities on the part of the plaintiff. Nashville Trust Co. v. Smythe, 27 L. R. A. 666; Carpenter v. Longman, 16 Wal. 273, 21 L. Ed. 313; Sweat v. Stark, 31 Fed. 859; Bales v. Neddo, 1 McCreary, U. S. 206; Sawyer v. Prickett, 19 Wal. 146, 22 L. Ed. 105; 20 Am. & Eng. Enc. Law (2d Ed.) 1043; 24 Am. & Eng. Enc. Law (1st Ed.) 240.

Where plaintiff's title had been divested by foreclosure sale and sheriff's deed to Lough, and her husband, the maker of the notes transferred to the bank, was operating the farm in his own name, executing mortgages on the crops grown thereon without the signature of his wife, and applying the crops and their proceeds to his own uses, and in all respects holding himself out to the world as owner of the property, without objection on the part of the plaintiff, her possession jointly with her husband could not constitute any notice to the defendant of any secret claim on her part to the property. Thomas v. Kennedy, 24 Iowa, 401; Townsend v. Little, 109 U. S. 504, 27 L. Ed. 1013; Schumacker v. Truman, 66 Pac. 591; Goodwynne v. Bellerby, 43 S. E. 275; Rankin v. Coar, 11 L. R. A. 661; Harris v. McIntyre, 118 Ill. 275, 8 N. E. 182; Neal v. Pickerson, 61 Ga. 345; 1 Jones on Montgages, section 600; Red River Valley Land & Inv. Co. v. Smith, 7 N. D. 236, 74 N. W. 194; 2 Devlin on Deeds, section 763; Harms v. Coryall, 53 N. E. 87; Root v. Woolworth, 150 U. S. 401, 14 Sup. Ct. Rep. 136.

MORGAN, C. J. This is an action to redeem from a mortgage foreclosure sale based upon the following facts: On March 20, 1883, George E. Becker, the plaintiff's husband, was the owner of the land in question, and on that day conveyed the same to the plaintiff. The conveyance to the wife was for the convenience of the parties, and without consideration. The mortgages subsequently placed on this land were for the purpose of raising money for Becker for use in improving the place and carrying on his farming operations for their joint benefit. They have continuously resided on the land since 1883, it being their homestead. In 1888 they gave a mortgage upon this land to the Farmers' Trust Company to secure the payment of the sum of $1,300. This mortgage was foreclosed on June 2, 1894, upon default in paying the same, and at the foreclosure sale one Joseph Gsell became the purchaser of the land for $1,576.42. On June 22, 1894, Gsell assigned his sheriff's certificate of sale to the defendant Sydney C. Lough, who was cashier of the State Bank of Northwood, whose money Lough used

in the purchase of the assignment. Lough purchased this assignment to protect his bank, as it owned a second mortgage, which had been given to it by this plaintiff and her husband upon the land on January 19, 1893, to secure the payment of $1,820. On June 11, 1895, a sheriff's deed was issued and delivered to Lough under such foreclosure proceedings. It is from this foreclosure sale that the plaintiff is seeking to redeem. Her contention is that Lough agreed with her, through her husband, acting as her agent, to permit her to redeem from this sale whenever she desired, upon payment of the sum paid by him for the assignment, with 7 per cent interest thereon. Before the trial the Scandinavian-American Bank of St. Paul, one of the defendants, asked to have George E. Becker made a party defendant, and it was stipulated that he be made a defendant in order that there might be made a complete determination of all the issues raised by the answer and counterclaim of said Scandinavian-American Bank. Becker appeared, and by a reply denied all the allegations set forth in said counterclaim except that he was indebted to the Northwood bank as set forth in said counterclaim and answer. The Scandinavian-American Bank loaned the Northwood bank $5,000 in January, 1900, and in March, 1901, Lough, as cashier of said bank, executed and delivered to said Scandinavian-American Bank a deed of the land involved in this suit as security for the indebtedness from the Northwood bank to said Scandinavian-American Bank. In 1895 Lough gave mortgages to one Birkholz to secure the payment of two notes for the total sum of $1,430. Of these the $130 mortgage was released in December, 1895, and the $1,300 mortgage in the year 1900. In May, 1900, Lough executed and delivered to the defendant the Farmers' & Mechanics' Savings Bank of Minneapolis a mortgage for the sum of $1,300. The money loaned under this mortgage was used to release the $1,300 Birkholz mortgage. On June 22, 1895, the $1,820 mortgage given by the Beckers to the Northwood bank was released by Lough. This release was filed in order that the Birkholz mortgage should be a first lien upon the property. All of these subsequent mortgagees, whose liens remain unreleased of record, are made parties defendant, and plaintiff asks that such mortgage and deeds be declared null and void as against plaintiff's title. In July, 1901, the Northwood bank became insolvent, and a receiver was appointed to take charge of it, and the receiver is also made a party to this suit.

The value of the land is found to be $4,000. The trial court found that the plaintiff had no interest in the land involved in the suit; that the Scandinavian-American Bank is the owner of the land, subject to the $1,300 mortgage owned by the Farmers' & Mechanics' Savings Bank, but that such title of said Scandinavian-American Bank is held as security for the payment of $5,000 by the Northwood bank. The trial court gave George E. Becker the right to a conveyance of said premises from the Scandinavian-American Bank upon payment of $4,160.38, such conveyance to be subject to the $1,300 mortgage held by the Farmers' & Mechanics' Savings Bank of Minneapolis. The plaintiff and defendant George E. Becker appeal from the judgment rendered on such findings and ask a review of the entire case under section 5630, Rev. Codes 1899.

The plaintiff's right to redeem depends upon the fact whether she has established the testimony that Lough agreed to allow redemption from the sale or not. No writing is claimed to have been executed as evidence of such agreement. The agreement is alleged to have been made between Lough, as cashier of the bank, and George E. Becker, acting on behalf of his wife, the plaintiff. Lough denies making any such agreement. Becker asserts that it was made, and that Lough agreed that he would give the plaintiff all the time she desired to redeem from the sale, and that he would hold the certificate of sale as security for the money he had paid for the certificate, and that he would charge her only 7 per cent interest. There are many undisputed facts in the case that strongly show the improbability of any such agreement. Such circumstances are inconsistent with any such agreement. That Lough should agree to carry the certificate indefinitely at 7 per cent interest when the Beckers were paying 12 per cent on other debts to the bank renders the fact of the extension improbable, especially in view of the fact that Lough had borrowed money from Birkholz with which to replace the bank's money used in the purchase of the certificate. By a subsequent contract between Lough and Becker a part of this $1,576.52, the principal of the amount required to redeem from the sale, was included in the sum total to be paid on a sale of the land, and Becker agreed to pay 12 per cent thereon. The remainder of such sum was included at 7 per cent for the reason that Becker assumed payment of the Birkholz mortgage, which drew interest at 7 per cent. If Becker had a contract with Lough by which he could redeem on payment of the principal and 7 per cent

interest, he would not have agreed to pay 12 per cent on only part of this sum. If Lough agreed to extend the time of redemption indefinitely, he would not have released the $1,820 mortgage, as that sum was thereafter unsecured except by chattel mortgage practically worthless. This $1,820 mortgage was well secured on the real estate. To release it, unless he had title to the real estate, and without an arrangement with Becker as to its payment in some other way, would be an act that cannot be explained on sound business principles. In May, 1896, Becker leased the land in question from Lough by a written lease in which this land was described as "the farm of said party of the second part"—Lough. This was an admission in writing, signed by Becker, that the title to this land was in Lough. Becker is utterly unable to explain, after being questioned on this precise matter, how he made such a lease and admission while claiming the title to be in his wife. If Lough made such an agreement, he placed it out of his power to obtain title to the property except through foreclosure of the $1,820 mortgage, and the release of that mortgage is inconsistent with the fact that he did not believe that his title had become absolute under the sheriff's deed. For six or seven years Lough and Becker dealt in reference to this land and the indebtedness from Becker to the bank. It is incredible that this could have been done without knowledge on the part of Becker that Lough had taken a sheriff's deed, although Becker now says that he did not know of that fact until the bank failed in 1901. During all this time the Beckers never referred to their right to redeem, and no payments were made by Becker to be expressly applied on the sum necessary to redeem. The facts convince us that no such agreement was made by or on behalf of the plaintiff. The agreement was made that Lough would convey the land to Becker when he paid all the indebtedness due the bank, the amount being shown by a note from Becker to the bank for $2,809.95, given December 10, 1895. This agreement was made with Becker after Lough received the sheriff's deed. This sum represented the total amount to be paid by Becker for the land. He was to take the land subject to the Birkholz mortgage of $1,300, and pay that sum besides. Great reliance is placed upon the fact that Lough was mistaken as to the time when this contract was made, he having testified that it was made in the fall of 1896, and the answer of the Scandinavian-American Bank having alleged that it was made in January, 1895. We do not deem such a mistake

of any controlling weight in view of the uncontradicted facts that govern our decision. The testimony was taken seven years after the occurrences. Discrepancies in dates are not sufficient to discredit Lough's testimony entirely. The other testimony in the case clearly shows that this contract was made in 1895, after the sheriff's deed was taken, and shows that plaintiff has failed to show any right to redeem. The trial court found that it was made December 10, 1895.

Stress is also laid upon the claim that the agreement to convey the land to Becker upon the payment of the indebtedness to the bank would not be enforceable, not being in writing, and being within the statute of frauds. Whether the contract was performed so as to take it out of the statute of frauds, we find it unnecessary to pass upon. The trial court ascertained the amount of such indebtedness, and gave Becker an opportunity to pay it and obtain a deed. No one is objecting to that part of the judgment. It was favorable to Becker, and whether he complies with its terms is entirely optional with him, and he has no cause to complain. The controlling question decided is that plaintiff made no contract with Lough under which she was to be allowed to redeem from the sale whenever she wanted to do so, nor had she any contract with Lough pertaining to a redemption from the foreclosure sale.

The judgment is affirmed. All concur.